# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 04, 2014

## JEREMY GARRETT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 0407755     Chris Craft, Judge**

---

**No. W2013-02558-CCA-R3-PC  - Filed February 5, 2015**

---

Petitioner, Jeremy Garrett, was convicted, following a jury trial, of felony murder and especially aggravated robbery pertaining to the robbery and death of Dexter Birge.  He appealed these convictions along with an additional conviction from the same jury trial for aggravated robbery of Mexwayne Williams. The Tennessee Supreme Court reversed the conviction for aggravated robbery of Mr. Williams, but affirmed the convictions for felony murder and especially aggravated robbery of Mr. Birge. *State v. Garrett*, 331 S.W.3d 392 (Tenn. 2011).  Petitioner filed a *pro se* petition for post-conviction relief attacking his convictions for felony murder and especially aggravated robbery.  Counsel was appointed to represent Petitioner, and counsel filed an amended petition.  After an evidentiary hearing the trial court dismissed the petition for post-conviction relief, and Petitioner appeals that ruling.  After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Randal G. Rhea, Memphis, Tennessee, for the appellant, Jeremy Garrett.

Herbert H. Slatery, III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Amy P. Weirich, District Attorney General; and Chris Lareau, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner argues that he is entitled to post-conviction relief because his trial counsel rendered ineffective assistance of counsel.  Although Petitioner presented multiple

allegations of examples of deficient performance by his trial counsel at the hearing, he relies on appeal on only one of these factual grounds. Specifically, Petitioner asserts in his brief that trial counsel rendered ineffective assistance of counsel because

> [Trial counsel], failed to preserve evidence, photographs of [Petitioner] taken by [trial counsel], after [Petitioner's] arrest. [Petitioner] asserts these photographs were evidence of abuse at the hands of the Shelby County Sheriff's Department subsequent to his arrest in this matter.

Petitioner argues on appeal that he was prejudiced by this alleged deficient performance by trial counsel because the photographs would have supported an argument that Petitioner's statement to investigators was the result of coercion.

Petitioner did not testify at the post-conviction hearing, and he presented the testimony of only one witness, his trial counsel.

Trial counsel testified that at Petitioner's request during a meeting at the courthouse, trial counsel took pictures of Petitioner using a new palm held device even though trial counsel did not observe any marks on Petitioner's skin. That same day, the palm held device was stolen after trial counsel placed it on a bench in the courtroom.

Petitioner told trial counsel that the marks on his body (which trial counsel did not see) were the result of physical abuse Petitioner sustained at the hands of personnel of the Shelby County Sheriff's Department. Petitioner did not say anything to trial counsel about the physical abuse being related to the statement Petitioner gave to police. Petitioner's counsel in the post-conviction hearing asked trial counsel why trial counsel would have taken pictures of Petitioner if the photographs were *not* relevant to Petitioner's statement to police. Trial counsel responded as follows:

> A.  There's something that is not written in any of the rules or anything like that but when you want to build a rapport with your client sometimes you do things that they ask you to do because it's easier to do those things than it is to explain why it shouldn't be done.
>
> So when he asked me to take a picture of a spot on his body that I didn't see any discoloration from but he said that it was there, it was easier for me to snap the picture than it was to explain why I'm not going to snap the picture. And like I said I told him at the time I didn't see any discoloration but I didn't know [Petitioner] before then.

So if he said it was there, in his eyes then it was there in his eyes, and that's why I took it as opposed to not taking it.

This is the extent of all evidence presented by Petitioner at the post-conviction hearing pertaining to the sole issue raised by Petitioner in his appeal.

The trial court entered an order denying post-conviction relief. As to the allegation that trial counsel rendered ineffective assistance of counsel by failing to preserve evidence, i.e., the photographs trial counsel took of Petitioner, the trial court made the following findings of fact and conclusions of law:

> 9) *Failure to preserve photographs of the petitioner and his injuries shortly after his arrest.* The petitioner complains that he asked his attorney after his arrest to take photographs of his injuries from Sheriff's Department mistreatment, and these photos would have been used to show that his statement had been coerced. His trial attorney testified that he saw no visible injuries on the petitioner, and took photos of him on a "palm device" only because the petitioner asked him to, for the sake of client rapport, and that the photos showed no injuries. He left his "palm device" on a bench in the courtroom and it was stolen before he could download the photos. [Post-conviction transcript] at pp. 14, 17-18. This court finds the attorney's testimony credible, and decides this issue against the petitioner. No proof was presented at the hearing on this petition or the trial record that the audio taped statement of the petitioner was anything but freely and voluntarily given. This issue fails for a lack of a showing of any prejudice to the petitioner.

*Analysis*

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). Upon our review, the trial judge's findings of fact are given the effect and weight of a jury verdict, and this Court is "bound by the trial judge's findings of fact unless we conclude that the evidence contained in the record preponderates against the judgment entered in the cause." *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Thus, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial court judge, not the appellate

courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A trial court's conclusions of law, however, are subject to a purely de novo review by this Court, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Strickland*, 466 U.S. at 688).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. *Strickland*, 466 U.S. at 690; *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462.

Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *House*, 44 S.W.3d at 515 (quoting *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

We conclude that the trial court in this case properly dismissed the petition for post-conviction relief. The trial court accredited trial counsel's testimony. In doing so, the trial court implicitly found that no marks or blemishes were on Petitioner at the time the photographs were taken. Therefore, even if the palm device, with the digital photographs, had not been stolen, the photographs would not have shown any evidence of physical abuse to Petitioner. Trial counsel testified that he only took the photographs to appease Petitioner. Petitioner did not offer any evidence to contradict the testimony of trial counsel. Petitioner failed to prove deficient performance by trial counsel. Even if trial counsel had rendered deficient performance by not printing the photographs or otherwise saving them prior to the theft of the palm device, there would have been no prejudice to Petitioner.

Accordingly, Petitioner is not entitled to relief in this appeal. The trial court's judgment dismissing the petition for post-conviction relief is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE